# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFIELD DIVISION

| | |
|---|---|
| **KENNETH A. WHITE,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:12-7965 |
| ) | |
| **OLD REPUBLIC NATIONAL** ) | |
| **TITLE INSURANCE,** *et al.*, ) | |
| ) | |
| Defendants. ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending is Plaintiff's Application to Proceed Without Prepayment of Fees or Costs (Document No. 5.), filed on March 19, 2013. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.)

## FACTUAL AND PROCEDURAL HISTORY

**A.     Criminal proceedings.**

On February 10, 2012, Plaintiff was convicted of one count of Conspiracy to Commit Bank Fraud and Wire Fraud, in violation of 18 U.S.C. § 371 (Count 1, Case No. 1:10-cr-442); four counts of Wire Fraud Affecting a Financial Institution, in violation of 18 U.S.C. § 1343 (Counts 2, 3, 4, 5, Case No. 1:10-cr-442); one count of Bank Fraud, in violation of 18 U.S.C. § 1344 (Count 6, Case No. 1:10-cr-442); three counts of False Statements in Loan Applications, in violation of 18 U.S.C. § 1014 (Counts 1, 2, 3, Case No. 1:09-cr-17); and one count of Failure to Appear, in violation of 18 U.S.C. § 3146 (Count 4, Case No. 1:09-cr-17). United States v. White, Case No. 1:09-cr-17 and

1:10-cr-442 (N.D. Ohio June 4, 2012), Document No. 179.[1] Plaintiff was sentenced on June 4, 2012. Id., Document Nos. 188, 189. The District Court ordered that Plaintiff be imprisoned for a total term of "103 months on each of Counts 1s - 3s in Case 1:09cr17 and Counts 1 - 6 in Case 1:10cr442, to be served concurrently." Id., Document No. 189. The District Court further ordered that Plaintiff serve supervised release for a term of "5 years on each of Counts 1s - 4s in Case 1:09cr17, and Count 6 in 1:10cr442 and terms of 3 years on each of Counts 1 - 5 in Case 1:10cr442, all such terms to run concurrently." Id. The District Court noted that the "determination of restitution is deferred until 9/6/2012. An Amended Judgment in a Criminal Case will be entered after such determination." Id. By Amended Judgment filed on September 7, 2012, the District Court ordered restitution in the amount of $2,183,568.47. Id., Document No. 235. Specifically, the District Court ordered restitution to be paid to Huntington National Bank in the amount of $959,949.00, Bank of America in the amount of $1,039,447.30, Wells Fargo in the amount of $148,716.02, and Sovereign in the amount of $35,456.15. Id. The District Court further ordered that "[t]otal restitution $1,223,619.47 in Defendant's case 1:10 CR 442 is joint and several with Defendant Douglas Punchak's Case 1:10 CR 337; Bank of America, Wells Fargo, Sovereign Bank." Id.

On June 6, 2012, Plaintiff filed a Notice of Appeal. Id., Document No. 190. In his appeal, Plaintiff argued that the District Court (1) "erred when it failed to sever the charge of failure to appear from the other charges of his indictment;" (2) "erred by admitting evidence of his flight;" (3) "erred by admitted other act evidence under Rule 404(b);" and (4) "erroneously instructed the jury on issues of Rule 404(b) evidence and flight." Id., Document No. 253. The Sixth Circuit Court of Appeals affirmed Plaintiff's conviction on November 18, 2013. United States v. White, 543

---

[1] Case Numbers 1:09-cr-17 and 1:10-cr-442 were joined for trial following Plaintiff's Motion for Joinder.

Fed.Appx. 563 (6th Cir. 2013). Plaintiff did not file a petition for certiorari in the United States Supreme Court.

On November 22, 2013, Plaintiff filed in the Northern District of Ohio a "Motion to Seek the Release of Restitution Payment to Sovereign Bank and the Deletion of this Restitution from the Judgment of Commitment." White, Case No. 1:09-cr-17 and 1:10-cr-442, Document No. 254. On January 15, 2014, the District Court denied Plaintiff's above Motion. On September 8, 2014, Plaintiff filed his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. Id., Document No. 264. By Order entered on September 11, 2014, the District Court directed the United States to file a response to Plaintiff's Section 2255 Motion. Id., Document No. 265. The United States filed its Response in Opposition on November 4, 2014. Id., Document No. 264.  Plaintiff filed his Reply on November 17, 2014. Id., Document No. 270. On January 8, 2015, Plaintiff filed a Motion to Amend or Supplement his Section 2255 Motion. Id., Document No. 271. Plaintiff's Section 2255 Motion is currently pending before the Northern District of Ohio.

**B.   Plaintiff's present filings**.

On November 19, 2012, Plaintiff, proceeding *pro se* and in confinement at FCI McDowell, filed a "Complaint of Mortgage Fraud."[2] (Document No. 1.) On May 30, 2013, Plaintiff filed a Motion for Leave to Amend his Complaint. (Document No. 9.) On June 19, 2013, Plaintiff filed his "Motion to Dismiss Complaint Against Old Republic National Title Without Prejudice." (Document No. 10.) By Proposed Findings and Recommendation entered on June 20, 2013, the undersigned

---

[2] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

recommended that the District Court grant Plaintiff's "Motion to Dismiss Complaint Against Old Republic National Title Without Prejudice." (Document No. 11.) By Memorandum Opinion and Order dated July 12, 2013, United States District Judge David A. Faber adopted the undersigned's recommendation and granted Plaintiff's "Motion to Dismiss Complaint Against Old Republic National Title Without Prejudice." (Document Nos. 12 and 13.) By Order entered on January 22, 2014, the undersigned granted Plaintiff's Motion for Leave to Amend. (Document No. 14.) Plaintiff filed his first Amended Complaint on February 27, 2014. (Document No. 17.)

On May 7, 2014, Plaintiff filed his "Motion to File a Second Amended Complaint" and his proposed Second Amended Complaint.[3] (Document Nos. 22, 22-1, and 27.) Plaintiff names the following as Defendants: (1) Leroy Scott Owens, Vice President of Old Republic National Title Insurance; (2) Chagrin Valley Title & Escrow Agency; (3) General Title & Trust Company; (4) Douglas King, Esq.; (5) Stephen D. Steinour, CEO and President of Huntington National Bank; (6) Roger Casale, Vice President of Sky Bank; (7) Ryan Howard, Sky Bank Mortgage Loan Originator; (8) Robert Rosplock, Esq.; (9) Nancy Luxenberg; (10) Monica E. Russell, Attorney for Old Republic Title; (11) Daniel A. Friedlander; (12) Robert H. Young, Esq.; and (13) Huntington National Bank. (Document No. 27.) In his Second Amended Complaint, Plaintiff alleges that Defendants committed fraud regarding the following parcels of property: 40 Hamlet Court, Bratenahl, Ohio 44106; 50 Hamlet Court, Bratenahl, Ohio 44106; and 70 Hamlet Court, Bratenahl, Ohio 44106. (Id.) Plaintiff alleges that he entered into a contract with Luxland, Inc., to purchase the foregoing parcels of property. (Id.) Plaintiff contends that Defendant "Ryan Howard submitted several fraudulently filled

---

[3] By Order entered this day, the undersigned has granted Plaintiff's Second Motion to Amend. (Document No. 26.) Plaintiff's Second Amended Complaint will be assigned Document Number 27.

out 1003 Loan Applications to Defendant Sky Bank, now owned by Defendant Huntington National Bank." (Id.) Plaintiff contends that "Defendant Howard entered fabricated information on said 1003 Loan Applications without White's knowledge or valid consent." (Id.) Plaintiff states that Defendant Roger Casale, the Vice President and Sales Manager, approved the applications prepared by Defendant Howard. (Id.) Plaintiff alleges that he never witnessed or signed the 1003 Loan Applications. (Id.) Plaintiff complains that Defendants General Title & Trust Company and Title Holdings, LTD/Chargin Valley, and Douglas King committed fraud by submitting double HUD Settlement Statements to Defendant Sky Bank/Huntington National Bank. (Id.) Plaintiff further states that Defendants Title Holdings, Sky Bank, and Huntington National Bank submitted HUD Statements that contained inaccurate and fraudulent information. (Id.) Plaintiff alleges that "Defendant King, White's attorney representing White for the three properties, committed fraud by submitting three doctored Settlement Statements to Defendants Sky Bank & Huntington National Bank to push the loan through." (Id.) Plaintiff further contends that Defendant King violated bank closing procedures and "committed fraud against Defendants Sky Bank, Huntington National Bank, General Title, Title Holding, and Old Republic National Title Insurance by 'doctoring,' fabricating, and omitting down payments on Settlement Statements." (Id.) Plaintiff alleges that Defendants improper and illegal conduct caused him to be indicted. (Id.) Plaintiff argues that "Defendants Title Holding & King pled the Fifth Amendment's protection against self-incrimination during White's criminal trial proceedings related to the case in point to both historically & currently cover-up this continuous & on-going RICO conspiracy civil and criminal, unlawfully and unconstitutionally." (Id.) Plaintiff concludes that he was sentenced to 103 months "due to the above intentional fraudulent acts of the above Defendants." (Id.) Plaintiff explains that Defendants conspired to use Plaintiff as a "scapegoat" for their misconduct. (Id.) As relief, Plaintiff requests declaratory

5

judgment, compensatory damages, punitive damages, and an "order requiring the Department of Justice to have an independent counsel to investigate White's claim using the criminal RICO & RICO conspiracy statutes." (Id.)

## **THE STANDARD**

Because Plaintiff has applied to proceed without prepayment of the Court's filing fees and costs, his Complaint is subject to pre-service screening pursuant to 28 U.S.C. § 1915. See Randolph v. Baltimore City States Atty., 2014 WL 5293708 at *2 (D.Md.), aff'd, Randolph v. New Technology, ___ Fed. Appx. ___, 2014 WL 7192290 (4th Cir. (Md.) Dec. 18, 2014). On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327-28, 109 S.Ct. at 1833. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Deference is given to *pro se* Complaints. See Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978)(A District Court should allow *pro se* plaintiffs reasonable opportunity to develop pleadings.); Coleman v. Peyton, 340 F.2d 603, 604 (4th Cir. 1965)(*Pro se* plaintiff should be given an opportunity to particularize potentially viable claims.). A *pro se* Complaint may therefore be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in

support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), *quoting* Conley v. Gibson, 355 U.S. 41, 45 - 46 (1957). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992).

## **ANALYSIS**

The preclusive effects of the doctrines of *res judicata* and collateral estoppel are designed to promote judicial economy, encourage reliance on judicial decisions, and relieve parties from the expense of multiple lawsuits. See Parklane Hosiery Co. Inc. v. Shore, 439 U.S. 322, 326, 99, S.Ct. 645, 649, 58 L.Ed.2d 552 (1979); Wright & Miller, § 131.12[4][a]. "Under *res judicata*, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." Young-Henderson v. Spartanburg Area Mental Health Center, 945 F.2d 770, 773 (4th Cir. 1991)(*quoting*, Montana v. United States, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979). Collateral estoppel "precludes relitigation of an issue decided previously in judicial or administrative proceedings provided the party against whom the prior decision was asserted enjoyed a full and fair opportunity to litigate that issue in an earlier proceeding." In re McNallen, 62 F.3d 619, 624 (4th Cir. 1995); also see United States v. Wight, 839 F.2d 193, 196 (4th Cir. 1987)(citation omitted)("The doctrine of collateral estoppel may apply to issues litigated in a criminal case which a party seeks to re-litigate in a subsequent civil proceeding.") The doctrine of collateral estoppel applies if the following elements are satisfied: (1) "the issue sought to be precluded is identical to one previously litigated;" (2) "that the issue was actually determined in the prior proceeding;" (3) "that the issue's determination was 'a critical and necessary part of the decision in the prior proceeding;" (4) "that the prior judgment is final and valid;" and (5) "that the party against whom

collateral estoppel is asserted 'had a full and fair opportunity to litigate the issue in the previous forum." Collins v. Pond Creek Mining Co., 468 F.3d 213 (4th Cir. 2003)(citation omitted).

The Court finds that the above-referenced elements are satisfied. First, the undersigned finds that the issue sought to be precluded is identical to the one previously litigated, the issue was actually determined in the prior proceeding, and the issue was a critical and necessary part of the decision in the prior proceeding. Specifically, Plaintiff alleges that the above named Defendants engaged in fraud which resulted in Plaintiff's improper criminal conviction and sentence regarding the following properties: 40 Hamlet Court, Bratenahl, Ohio, 50 Hamlet Court, Bratenahl, Ohio, and 70 Hamlet Court, Bratenahl, Ohio. Plaintiff argues that Defendants are solely responsible for the improper transactions that ultimately resulted in his convictions for making false statements on a loan application and bank fraud. Specifically, Plaintiff claims that he never provided false or incorrect financial information to Huntington National Bank/Sky Bank. Thus, Plaintiff contends that he should be compensated by Defendants for his wrongful conviction. The record, however, reveals that Plaintiff was convicted in Northern District of Ohio of one count of Conspiracy to Commit Bank Fraud and Wire Fraud, four counts of Wire Fraud Affecting a Financial Institution, one count of Bank Fraud, and three counts of False Statements in Loan Applications. United States v. White, Case No. 1:09-cr-17 and 1:10-cr-442 (N.D. Ohio June 4, 2012), Document No. 179. The undersigned notes that Plaintiff's convictions involved the real estate specifically referenced in Plaintiff's Second Amended Complaint (40, 50, and 70 Hamlet Court).[4] The Northern District of

---

[4] In Count One of the Superceding Indictment, Plaintiff was charged with knowingly making false statements to Huntington National Bank for the purpose of influencing said institution to make a mortgage loan for the purchase of an investment property located at 50 Hamlet Court, Bratenahl, Ohio. In Count Two of the Superceding Indictment, Plaintiff was charged with knowingly making false statements to Huntington National Bank for the purpose of influencing said institution to make a mortgage loan for the purchase of an investment property located at 70 Hamlet Court, Bratenahl,

Ohio further ordered Plaintiff to pay restitution to Huntington National Bank. Id., Document No. 235. Finally, the undersigned finds that the prior judgment is final and valid and Plaintiff had a full and fair opportunity to litigate the issue in a previous forum. Plaintiff appealed his criminal conviction to the Sixth Circuit Court of Appeals. The Sixth Circuit Court affirmed Plaintiff's conviction on November 18, 2013, and Plaintiff did not file a petition for certiorari in the United States Supreme Court. Therefore, the undersigned finds that collateral estoppel further precludes Plaintiff's present action against Defendants. See White v. Wells Fargo Bank, 2014 WL 3882181, * 9 -11 (S.D.W.Va. Aug. 7, 2014)(J. Berger)(finding that Plaintiff was collateral estoped from re-litigating his overall culpability with respect to financial transactions concerning certain real estate and a 2005 Bentley Continental vehicle).

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees (Document No. 5.), **DISMISS** Plaintiff's Complaints (Document No. 1, 17, 27.) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and

---

Ohio. In Count Three of the Superceding Indictment, Plaintiff was charged with knowingly making false statements to Sky Bank for the purpose of influencing said institution to make a mortgage loan for the purchase of an investment property located at 40 Hamlet Court, Bratenahl, Ohio. *White*, 1:09-cr-00017, Document No. 95. Plaintiff was convicted of the foregoing charges. *Id.*, Document No. 179.

72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: January 14, 2015.

R. Clarke VanDervort
United States Magistrate Judge