```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                         AT BLUEFIELD


KENNETH A. WHITE,

          Plaintiff,

v.                                     Civil Action No: 1:12-07965

OLD REPUBLIC NATIONAL
TITLE INSURANCE, et al.,

          Defendants.
```

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff's application to proceed without prepayment of fees or costs. (Doc. No. 5). By Standing Order, this matter was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. No. 2). The magistrate judge submitted his proposed findings and recommendations ("PF&R") on January 14, 2015. (Doc. No. 29). In the PF&R, Magistrate Judge VanDervort recommended that the court deny plaintiff's application to proceed without prepayment of fees or costs and dismiss plaintiff's complaint, amended complaint, and second amended complaint.

In accordance with the provisions of 28 U.S.C. § 636(b), plaintiff was allotted fourteen days, plus three mailing days,

1

in which to file any objections to the PF&R. Plaintiff timely filed objections to the PF&R on January 29, 2015. (Doc. No. 31). Because plaintiff's objections are without merit, the court dismisses his second amended complaint[1] and denies his application to proceed without prepayment of fees or costs. (Doc. Nos. 5, 27).

I.  **Background**

On February 10, 2012, plaintiff was convicted of one count of conspiracy to commit bank fraud and wire fraud, in violation of 18 U.S.C. § 371; four counts of wire fraud affecting a financial institution, in violation of 18 U.S.C. § 1343; one count of bank fraud, in violation of 18 U.S.C. § 1344; three counts of false statements in loan applications, in violation of 18 U.S.C. § 1014; and one count of failure to appear, in violation of 18 U.S.C. § 3146.[2]  United States v. White, Case No. 1:09-cr-17 and Case No. 1:09-cr-442 (N.D. Ohio, Feb. 10, 2012).

---

[1] Plaintiff moved the court for, and was granted, leave to amend his complaint and amended complaint. (Doc. Nos. 9, 14, 17, 22, 26, 27). Accordingly, the second amended complaint supersedes his two prior filings. Young v. City of Mt. Ranier, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect."); see also Northrup v. Gills, Civil Action No. 1:14-6079, 2014 WL 4365243, at *1 (S.D.W. Va. Sept. 2, 2014).
[2] The government filed two separate indictments against plaintiff. The district court consolidated these two indictments into one jury trial. At trial, the jury convicted plaintiff on all charges of the two indictments. United States v. White, 543 F. App'x 563, 565 (6th Cir. 2013) (unpublished) (Stamp, J.).

2

On June 4, 2012, plaintiff was sentenced to a term of one hundred three (103) months of imprisonment on each of Counts One through Three in case number 10:09-cr-17 and Counts One through Six in case number 1:10-cr-442, to be served concurrently. The district court further ordered plaintiff to pay restitution in the following amounts: $1,039,447.30 to Bank of America, $959,949.00 to Huntington National Bank, $148,716.02 to Wells Fargo, and $35,456.15 to Sovereign Bank. Id.

On November 18, 2013, the United States Court of Appeals for the Sixth Circuit affirmed plaintiff's conviction. White, 543 F. App'x at 572. Plaintiff petitioned the Supreme Court of the United States for a writ of certiorari and, on May 27, 2014, his petition was denied. White v. United States, 134 S. Ct. 2681 (2014).

In his second amended complaint, plaintiff names a number of defendants and alleges that those defendants committed fraud related to the purchase of three parcels of property: 40 Hamlet Court, 50 Hamlet Court, and 70 Hamlet Court, all located in Bratenahl, Ohio. (Doc. No. 27 at 3-20). Plaintiff was convicted of knowingly making false statements to various lending institutions regarding these exact properties. White, 1:09-cv-00017, Doc. No. 95. According to plaintiff, defendants conspired to use him as a "scapegoat" for their misconduct and plaintiff's criminal conviction resulted from "the . . .

3

intentional fraudulent acts of . . . Defendants." (Doc. No. 27 at 17). Plaintiff seeks compensatory and punitive damages from all defendants.

## II. Plaintiff's Objections to the PF&R

Initially, plaintiff begins his objections by making a general objection to the factual history outlined in the PF&R. Plaintiff alleges that the PF&R contains numerous factual errors and is "clearly and concededly tainted with inaccurate records wrongly attributed to [plaintiff]," but fails to explain what these factual inaccuracies are or which records have been wrongly attributed to him. (Doc. No. 31 at 2-3). This argument "do[es] not direct the court to a specific error in the magistrate's proposed findings and recommendations" because such an objection is "general and conclusory." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). As a result, a court need not conduct a de novo review of such an objection. Id.

Having reviewed the record and plaintiff's objections in their entirety, as well as the supplemental material offered by plaintiff, (Doc. No. 35), the court concludes that his arguments lack merit. Primarily, plaintiff objects to the PF&R's conclusion that the principles of collateral estoppel and res judicata bar his claim. The doctrine of collateral estoppel "precludes re-litigation of an issue decided previously in judicial or administrative proceedings provided the party

4

against whom the prior decision was asserted enjoyed a full and fair opportunity to litigate that issue in an earlier proceeding." Allen v. McCurry, 449 U.S. 90, 96 (1980). Furthermore, "[t]he doctrine of collateral estoppel may apply to issues litigated in a criminal case which a party seeks to re-litigate in a subsequent civil proceeding." U.S. v. Wright, 839 F.2d 193, 196 (4th Cir.1987) (internal citations omitted).

In order for collateral estoppel to apply, the Fourth Circuit has outlined the following factors that must be satisfied:

> (1) the issue sought to be precluded is identical to one previously litigated; (2) the issue must have been actually determined in the prior proceeding; (3) determination of the issue must have been a critical and necessary part of the decision in the prior proceeding; (4) the prior judgment must be final and valid; and (5) the party against whom estoppel is asserted must have had a full and fair opportunity to litigate the issue in the previous forum.

Ramsay v. United States Immigration & Naturalization Serv., 14 F.3d 206, 210 (4th Cir. 1994) (internal citations omitted). In the PF&R, Magistrate Judge VanDervort concluded that the above factors were satisfied in plaintiff's case and, as a result, collateral estoppel applied to bar his claims.

Having reviewed plaintiff's second amended complaint, the court reaches the same conclusion. Plaintiff's second amended complaint attempts to re-litigate issues of culpability surrounding three properties at the core of plaintiff's criminal

5

convictions: 40 Hamlet Court, 50 Hamlet Court, and 70 Hamlet Court. Second, in plaintiff's second amended complaint, he argues that defendants are in fact guilty of the crimes of which he himself was convicted, and that his conviction resulted solely because of defendants' wrongdoing, not his own. These are the very issues that were litigated and resolved at plaintiff's criminal trial. Furthermore, the resolution of these issues was a critical and necessary part of the criminal proceeding. The prior judgment is final and valid, having been affirmed by the Sixth Circuit and a writ of certiorari denied by the Supreme Court of the United States, and plaintiff received a full and fair opportunity to litigate these issues in the previous forum. As this court has held previously, "[t]here is no open window here through which [plaintiff] can re-litigate those issues." White v. Wells Fargo Bank, Civil Action No. 1:13-cv-24248, 2014 WL 3882181, at *11 (S.D.W. Va. Aug. 7, 2014).

Furthermore, the court overrules plaintiff's objection that res judicata does not bar his claim. Under the principle of res judicata, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." Young-Henderson v. Spartanburg Area Mental Health Ctr., 945 F.2d 770, 773 (4th Cir. 1991) (quoting Montana v. United States, 440 U.S. 147, 153 (1979)). As described above, plaintiff's criminal

6

case reached a final judgment on the merits.  Therefore, the court concurs with the PF&R's conclusion that res judicata bars plaintiff's claims.

Additionally, the court finds no basis for plaintiff's objection that Magistrate Judge VanDervort's "actions appear to be highly prejudicial."  (Doc. No. 31 at 5).  The court notes that plaintiff's motion for recusal of Magistrate Judge VanDervort was denied, (Doc. No. 30), and plaintiff has offered no evidence in support of his renewed assertions.  Accordingly, the court finds no error in Magistrate Judge VanDervort's actions or in the analysis proffered in the PF&R.

Finally, in his objections, plaintiff seeks leave to amend his second amended complaint should the court find it deficient.  (Doc. No. 31 at ¶ 15).  Plaintiff is correct that, where a complaint may be remedied by an amendment, the district court must permit a pro se complainant to do so.  Denton v. Hernandez, 504 U.S. 25, 34 (1992).  Nonetheless, a district court may dismiss a pro se complaint for failure to state a claim where a court has concluded that, beyond a doubt, "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Haines v. Kerner, 404 U.S. 519, 521 (1972) (quoting Conley v. Gibson, 355 U.S. 41, 45-6 (1957)) (internal quotation marks omitted).

7

In the instant case, the court finds that, beyond a doubt, further amendment of plaintiff's second amended complaint would be futile. Having determined that plaintiff's claims are precluded by collateral estoppel, there are no set of facts which he could allege that would entitle him to relief. As a result, plaintiff's request for leave to amend his second amended complaint is **DENIED**.

### III. Conclusion

Accordingly, the court **OVERRULES** plaintiff's objections to Magistrate Judge VanDervort's PF&R. (Doc. Nos. 31, 35). The court **ADOPTS** the factual and legal analysis contained within the PF&R, **DENIES** plaintiff's application to proceed without prepayment of fees, (Doc. No. 5), **DISMISSES** plaintiff's second amended complaint, (Doc. No. 27), **DENIES** plaintiff's request for leave to amend the second amended complaint, and **DISMISSES** this matter from the court's active docket.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record and to plaintiff, pro se.

IT IS SO ORDERED on this 12th day of March, 2015.

ENTER:

David A. Faber
Senior United States District Judge